<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| HUAN CHU, | : | Civil No. 08-4212 (RBK) |
| Petitioner, | : | |
| v. | : | <u>OPINION</u> |
| PAUL SCHULTZ, | : | |
| Respondent. | : | |

**APPEARANCES**:

> HUAN CHU, #10994-055
> CCM Pittsburgh
> 1000 Liberty Avenue, Suite 1315
> Pittsburgh, PA 15222
> Petitioner <u>Pro</u> <u>Se</u>

**KUGLER**, District Judge

Petitioner Huan Chu filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging (1) the calculation of his sentence by the Bureau of Prisons ("BOP") after it was reduced from 108 months to 87 months by Order filed July 11, 2008, and (2) the BOP's failure to place him in a community corrections center ("CCC") for the final 12 months of his sentence pursuant to the Second Chance Act. Respondents filed an Answer, accompanied by two declarations and several exhibits, seeking dismissal of the Petition on the merits. Although given time to do so, Petitioner did not file a Reply. For the reasons set forth below, the Court will dismiss the Petition.

## I.  BACKGROUND

Petitioner was arrested on November 22, 2002, and charged with federal narcotics offenses in the United States District Court for the Western District of New York.  On September 15, 2003, Senior United States District Judge Michael A. Telesca sentenced Petitioner to a term of 108 months and three years of supervised release, based on his guilty plea to unlawful possession with intent to distribute five grams or more of a mixture and substance containing cocaine base in violation of 18 U.S.C. § 841(a)(1).  See United States sv. Chu, Crim. No. 03-6003 (CJS) judgment (W.D. N.Y. Sept. 15, 2003).  On July 11, 2008, United States District Judge Charles J. Siragusa granted Petitioner's motion to reduce the sentence pursuant to 18 U.S.C. § 3582(c)(2) based on a guideline sentencing range that has subsequently been lowered and made retroactive by the U.S. Sentencing Commission.  Judge Siragusa reduced Petitioner's term of imprisonment from 108 months to 87 months.  See United States v. Chu, Crim. No. 03-6003 (CJS) order (W.D. N.Y. July 11, 2008).

On approximately August 18, 2008, while he was confined by the BOP at FCI Fairton in New Jersey, Petitioner filed the § 2241 Petition which is presently before this Court.  Petitioner challenges (1) the BOP's calculation of his projected release date after his sentence was reduced to 87 months by Order filed July 11, 2008, and (2) the BOP's decision to place him in a CCC for not more than six months as contrary to the Second Chance Act of 2007, which increased prerelease CCC placement time to a maximum of 12 months.

On October 20, 2008, Respondents filed an Answer, the declarations of James E. Hazelton and Joseph Pecoraio, and several exhibits.  Respondents argue that (1) the BOP did not abuse its discretion in determining that Petitioner would be placed in a CCC for the final six

months of his sentence (from November 17, 2008, until his projected release on May 14, 2009); and (2) the BOP complied with federal law in calculating Petitioner's projected release date as May 14, 2009, after his sentence was reduced to an 87-month term of imprisonment. Although the Order to answer gave Petitioner time to file a Reply, Petitioner did not do so.

The BOP placed Petitioner in a CCC (Pittsburgh CCM) on November 17, 2008. See Inmate Locator, Federal Bureau of Prisons, http://www.bop.gov/iloc2/Inmate FinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=1099 4-055&x=66&y=10 (last accessed Mar. 6, 2009). Petitioner is scheduled to remain at CCM Pittsburgh until he is released from custody on May 14, 2009. Id.

## II.  DISCUSSION

A.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless
> – . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

A federal court has jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the execution of his sentence on federal grounds, he was in custody

3

in New Jersey at the time he filed the Petition, see Burkey v. Marberry, _ F. 3d _, 2009 WL 385419 *2 (3d Cir. Feb. 18, 2009); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242-44 (3d Cir. 2005), and he filed his petition in the district of confinement and named the Warden as respondent, see Burkey at *2.

B.  Mootness

The first question is whether the BOP's placement of Petitioner in Pittsburgh CCM on November 17, 2008, caused his challenge to the BOP's determination of his placement date to become moot because it no longer presents a "case or controversy" under Article III, § 2, of the United States Constitution.  See Spencer v. Kemna, 523 U.S. 1, 7  (1998); DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Miller v. Fed. Bureau of Prisons, 147 Fed. Appx. 302, 307 (3d Cir. 2005).

The exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties.  U.S. CONST. art. III, § 2.  "This "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have 'a personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).  "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7 (citation and internal quotation marks omitted).

In this case, the second claim in the Petition challenges the BOP's decision to place him in a CCC for the final six months of his term of incarceration (from November 17, 2008, through

4

May 14, 2009). Petitioner argues that the six-month placement decision violates the Second Chance Act. But the BOP placed Petitioner in a CCC November 17, 2008, for the final six months of his custodial sentence, which will expire May 14, 2009. When the BOP placed Petitioner in a CCC, the challenge to the placement date became moot because Petitioner was no longer threatened with "an actual injury traceable to the [BOP] and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7; see also Burkey at *5 (federal inmate's challenge to BOP determination that he is not eligible for early release became moot when inmate was released from prison because "[t]he possibility that the sentencing court will use its discretion to modify the length of Burkey's term of supervised release . . . is so speculative that any decision on the merits by the District Court would be merely advisory and not in keeping with Article III's restriction of power"); cf. United States v. Johnson, 529 U.S. 53 (2000) (statute addressing supervised release does not permit court to reduce period of supervised release even where BOP miscalculated term of imprisonment). This Court will therefore dismiss the challenge to the CCC placement as moot.

C.  Calculation of Projected Release Date

Petitioner also challenges the BOP's calculation of his projected release date after the sentencing court reduced the term of imprisonment by Order filed July 11, 2008, from 108 months to 87 months. He asserts:

> Chu's calculation is very simple. He has 7 yrs, 3 months. Chu has served 5 yrs and 9 months. That clearly leaves a total to his maximum sentence 15 months, which totals 7 yrs, 3 months. Chu earns "good credit time" of 54 days each year . . .

(Pet. p. 1.)

5

James E. Hazelton, Correctional Programs Specialist at the Designation and Sentence Computation Center of the BOP filed a declaration in which he explains how he calculated Petitioner's projected release date as May 14, 2009:

> Petitioner's present release date has been calculated by adding the term of imprisonment, 87 months, to the date the sentence was imposed (September 15, 2003), subtracting prior custody credit [of 296 days] and good conduct time earned for each full year served and prorated for the last partial year served. Petitioner has a possible award of 282 days good conduct time only for he had 67 days of Good Conduct Time disallowed.

(Decl. of James E. Hazelton, ¶ 9.)

The United States Code specifies that a federal sentence commences on the date the prisoner is received at the detention facility at which the sentence is to be served. See 18 U.S.C. § 3585(a). Section 3585(b) gives the BOP authority to credit against the sentence time served prior to the commencement of the sentence. Section 3585(a) and (b) provide, in relevant part:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C.A. § 3585 (a), (b).

The BOP did not abuse its discretion by calculating Petitioner's 87-month sentence as commencing on September 15, 2003. See 18 U.S.C. § 3585(a). Nor did the BOP abuse its discretion by giving Petitioner credit pursuant to § 3585(b) for the time from is arrest date until September 14, 2003. See 18 U.S.C. § 3585(b). Finally, the BOP did not abuse its discretion in calculating Petitioner's good conduct time pursuant to 18 U.S.C. § 3624(b) based on the number of years he actually served in the custody of the BOP, rather than on the sentence imposed. See O'Donald v. Johns, 402 F.3d 172 (3d Cir. 2005) (BOP did not abuse its discretion by calculating GCT based on the time actually served, rather than the sentence imposed). Accordingly, Petitioner's challenge to the calculation of his projected release date is without merit and this Court will dismiss this claim with prejudice.

### III.  CONCLUSION

Based on the foregoing, Petitioner is not entitled to relief under 28 U.S.C. § 2241 and the Court will dismiss the Petition.


                s/ Robert B. Kugler
                **ROBERT B. KUGLER, U.S.D.J.**


Dated:    March 11  , 2009